IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-118-BO-KS

| | | |
|---|---|---|
| JDS CARRIER, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GREAT AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and a hearing on the matter was held before the undersigned on September 14, 2023, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, defendant's motion is granted.

BACKGROUND

This is an insurance coverage dispute that was removed from Wayne County Superior Court based upon this Court's diversity jurisdiction. In its amended complaint, plaintiff JDS Carrier (JDS) asserts five counts against defendant Great American Insurance Company (Great American): gross negligence (Count I), unfair and deceptive trade practices (Count II), breach of contract (Count III), and bad faith failure to investigate (Count IV). Great American seeks to dismiss Count I, the gross negligence claim, for failure to state a claim upon which relief can be granted.

JDS alleges that it was engaged to transport a shipment of vegetables from Orlando, Florida to Gordonsville, Virginia. It is further alleged that the produce arrived at the destination out of

temperature after JDS's refrigeration unit "suffered from a critical and sudden mechanical breakdown" during transit. [DE 9] Amd. Compl. ¶ 15. The amended complaint alleges that although JDS provided Great American with documentation confirming that the refrigeration unit suffered from a mechanical breakdown, Great American "unjustly refused to provide coverage" for the subject loss.

Great American argues that the economic loss rule prevents the gross negligence claim because all of the duties owed to plaintiff by Great American arise from the contract. JDS responds that its gross negligence claim is based on alleged violations of statutory duties owed by Great America, specifically N.C. Gen. Stat. § 58-63-15(1) and (11) (which concern unfair acts and practices relating to insurance claims), and not mere violations of the insurance contract. Thus, JDS contends its gross negligence claim is not barred by the economic loss rule. In reply, Great American argues that the duties of insurers set forth in N.C. Gen. Stat. § 58-63-15(1) *et seq.* are co-extensive with the duties that arise from the insurance contract itself, and thus cannot support a negligence claim where there is a valid contract.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or

arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

"North Carolina's economic loss rule provides that ordinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor. A tort action must be grounded on a violation of a *duty* imposed by operation of law, not a violation of a duty arising purely from the contractual relationship of the parties." *Legacy Data Access, Inc. v. Cadrillion, Ltd. Liab. Co.*, 889 F.3d 158, 164 (4th Cir. 2018) (cleaned up and citations omitted). "North Carolina has recognized an 'independent tort' arising out of breach of contract only in 'carefully circumscribed' circumstances." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 346 (4th Cir. 1998).

JDS has not alleged any conduct by Great American which is distinct from the conduct JDS contends supports its breach of insurance contract claim. In other words, the same actions which JDS contends breached the insurance contract also allegedly violated N.C. Gen. Stat. § 58-63-15(1) and (11), which it contends supports its gross negligence claim. For example, JDS alleges that Great American breached its statutory duties by refusing to fully investigate the loss, intentionally misrepresenting and disregarding information submitted by JDS, and failing to provide a reasonable basis for its denial. JDS's breach of contract claim incorporates these allegations and states additionally that Great American willfully and intentionally breached the insurance contract by refusing to pay a valid claim.

Under North Carolina law, "a tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract." *Spillman v. Am. Homes of Mocksville, Inc.*,

3

108 N.C. App. 63, 65 (1992). At bottom, JDS's allegations are insufficient to distinguish its breach of contract claim from its gross negligence claim. The economic loss rule thus bars relief on Count I, and it is properly dismissed. *See also Airborn Mfg. v. Cincinnati Ins. Co.*, No. 3:22-cv-00090-FDW-DSC, 2022 U.S. Dist. LEXIS 164581, at *7 (W.D.N.C. Sep. 12, 2022).

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss [DE 11] is GRANTED and plaintiff's gross negligence claim is DISMISSED. Defendant shall file its answer within five (5) days of the date of entry of this order. On the filing of the answer, the clerk is DIRECTED to refer this matter to the assigned United States Magistrate Judge for entry of a scheduling order permitting a short period of discovery and a providing a dispositive motion filing deadline.

SO ORDERED, this 19 day of September 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE